**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William L. Gardner,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>　　　　　Defendant. | No. CV-20-08070-PCT-JJT<br><br>**ORDER** |

At issue are *pro se* Plaintiff William L. Gardner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and Request to have Judge David Campbell resolve this lawsuit (Doc. 3). Having determined that Plaintiff is unable to pay the Court's fees, the Court will grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that the Complaint fails to establish that the Court has subject matter jurisdiction over this matter.

## I.　LEGAL STANDARDS

### A.　28 U.S.C. § 1915(e)(2)

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

In the Complaint, Plaintiff seeks a declaratory judgment that a land patent he alleges he possesses gives him ownership of certain real property, but Plaintiff names no Defendant in the action. Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, a federal court may declare the rights of parties to "a case of actual controversy." *Societe de*

*Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the Constitution. *Id.* To determine whether an "actual controversy" exists, the Court must decide "whether the facts alleged, under all the circumstances, show that this is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Here, Plaintiff has not alleged an "actual controversy" as required under the Declaratory Judgment Act. Plaintiff neither identifies any Defendant having an adverse legal interest nor includes any factual allegations pointing the Court to a real, substantial, and immediate controversy. Accordingly, the Court lacks subject matter jurisdiction over this case and must dismiss it. Plaintiff's Request to have District Judge David Campbell resolve this case is moot.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

IT IS FURTHER ORDERED denying as moot Plaintiff's Request to have Judge David Campbell resolve this lawsuit (Doc. 3).

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment and close this case.

Dated this 29th day of April, 2020.

Honorable John J. Tuchi
United States District Judge